A judgment will be entered affirming the order of the District Court.

James P. MITCHELL, Secretary of Labor, United States Department of Labor, Appellant,

v.

OREGON FROZEN FOODS COMPANY and Ore-Ida Potato Products, Inc., Appellees.

No. 15579.

United States Court of Appeals
Ninth Circuit.

April 16, 1958.

Stuart Rothman, Solicitor, Bessie Margolin, Asst. Sol., Sylvia S. Ellison, Lawrence P. Hockberg, Attorneys, Department of Labor, Washington, D. C., Ken-

neth C. Robertson, Regional Attorney, Department of Labor, San Francisco, Cal., C. E. Luckey, U. S. Atty., Portland, Or., for appellant.

Gallagher & Gallagher, Martin P. Gallagher, Ontario, Or., for appellees.

Before FEE and CHAMBERS, Circuit Judges, and CHASE A. CLARK, District Judge.

CHASE A. CLARK, District Judge.

This action was brought by the Appellant to enjoin the Appellees from violating provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq. The facts, as found by the trial court, are set out in that Court's opinion at 145 F.Supp. 157.

The issue on appeal relates to the trial court's holding that the "repackaging of bulk frozen corn and carrots after the active season ends and the mixing of frozen vegetable mix and the storing of frozen vegetables" are exempt under Section 207(b) (3) and 207(c) as acts being part of the first processing of perishable or seasonal fresh fruits or vegetables.

Pertinent provisions of Title 29, United States Code, are as follows:

"§ 206. (a) Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates—

"(1) not less than $1 an hour; * * *".

"§ 207. (a) Except as otherwise provided in this section, no employer shall employ any of his employees who is engaged in commerce or in the production of goods for commerce for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

"(b) No employer shall be deemed to have violated subsection (a) of this section by employing any employees for a workweek in excess of that specified in such subsection without paying the compensation for overtime employment prescribed therein if such employee is so employed—* * *

"(3) for a period or periods of not more than fourteen workweeks in the aggregate in any calendar year in an industry found by the Administrator to be of a seasonal nature * * *.

"(c) * * * in the case of an employer engaged in the first processing of, or in canning or packing, perishable or seasonal fresh fruits or vegetables, or in the first processing, within the area of production (as defined by the Administrator), of any agricultural or horticultural commodity during seasonal operations * * * the provisions of subsection (a) of this section, during a period or periods of not more than fourteen workweeks in the aggregate in any calendar year, shall not apply to his employees in any place of employment where he is so engaged."

A determination of what constitutes "first processing" depends upon the facts of each individual case. This question was resolved by the trial court's finding, as to the products here in question, "that 'first processing' is completed when the products are packaged in consumer size packages even though delayed."

It was for the trial court to appraise the evidence, both the agreed facts and the testimony presented, and to draw or reject inferences therefrom. The trial court is the finder of facts, and as found, those facts support the conclusion adopted.

Having concluded that the case here turns upon the factual issues, decided by the able Judge of the District Court, the Judgment below is affirmed.