James D. **HODGSON**, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

**STOKELY–VAN CAMP**, a Corporation, Defendant.

No. 2–70–Civ.–334.

United States District Court, D. Minnesota, Second Division.

Aug. 20, 1971.

Peter G. Nash, Sol. of Labor, Herman Grant, Regional Sol., Beverly B. Lord, Chicago, Ill., for plaintiff.

Barnes, Hickam, Pantzer & Boyd, Herbert C. Snyder, Jr., Indianapolis, Ind., Briggs & Morgan, M. J. Galvin, Jr., St. Paul, Minn., for defendant.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

This is an action brought by the United States Secretary of Labor to enjoin Stokely-Van Camp from continuing claimed violations of § 7(a) and § 15(a) of the Fair Labor Standards Act.[1] The case was submitted on the pleadings, briefs, and a stipulation of facts. The court heard oral argument.

At issue is whether defendant is entitled to claim a partial overtime exemption for certain employees at his Fairmont plant where these employees are engaged in the processing of vegetables which have been frozen for more than 24 hours.[2] The court holds that it is so entitled.

Section 7(c) of the Fair Labor Standards Act, as amended in 1966, provides for an exemption from the overtime provisions of the Act in regard to employees in an industry found by the Secretary to be of a seasonal nature.[3] On June 30, 1967, the Administrator of the Wage and Hour Division of the Department of Labor, pursuant to delegated authority,

---

1. 29 U.S.C.A. § 207(a) (1). "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Section 15 (a) prohibits shipment in commerce of any goods produced in violation of the act or any regulation or order of the Secretary of Labor.

2. The Pre-Trial Hearing resulted in an agreed upon issue: "Whether on the facts stipulated the packaging in ready-for-sale packages of vegetables which have been frozen more than 24 hours is or is not within the industry found by the Administrator of the Wage and Hour Division of the United States Department of Labor to be of a seasonal nature and engaged in the handling, packing, storing, preparing, first processing and canning of perishable agricultural and horticultural commodities in their raw or natural state, within the meaning of § 7 (c) and § 7(d) of the Fair Labor Standards Act, as amended, and engaged in by the defendant at its Fairmont plant." Defendant claims the exemptions only during such periods that the plant is also engaged in the processing of fresh vegetables. (Stip. ¶ 25).

3. 29 U.S.C. § 207(c). "For a period or periods of not more than ten workweeks in the aggregate in any calendar year,

found the fresh fruit and vegetable industry to be seasonal in nature insofar as it included the processing of fresh vegetables in their raw or natural state and operations or services necessary and incidental thereto.[4] This finding expressly sought to exclude operations performed in connection with vegetables which had been frozen or otherwise removed from their raw or natural state. Subsequent to this, on October 20, 1967, the Administrator further found that a plant freezing and packaging consumer size packages and also freezing for bulk storage and later repackaging, would not qualify for the partial exemption in regard to those employees engaged in the repackaging operation and work incidental to it, where that work was being performed more than twenty-four hours after completion of the initial freezing process.[5] The Administrator's position was clarified on February 8, 1968, in Opinion Letter No. 754, where the Act was interpreted as allowing exemptions under § 7(c) and § 7(d) only in regard to operations performed upon commodities perishable in nature. The exemptions of § 7(c) and § 7(d) were deemed to be no longer applicable when an intervening operation such as freezing changed the condition of perishability.[6]

Plaintiff claims that the Secretary alone is charged by the Act with determining whether an industry is of a seasonal nature. Plaintiff further argues that since "industry" is defined by the act to include, "a trade, business, industry, or branch thereof, or group of industries, in which individuals are gainfully employed," [7] the Secretary is free to define seasonal industry in such a manner as to include only a portion of defendant's operation.

█ But the Secretary's determination must be consistent with the terms of the law. Although a court will not substitute its judgment for that of an administrative official in the performance of his duty, Van Hoven Company v. Stans, 326 F.Supp. 827 (D.Minn.1971), it is clear that the extent of authority given to an administrative body by Congress is not left solely for the decision of that body. When an official is delegated authority to define terms, the definitions he adopts must be open to judicial review to determine whether they are in fact consistent with the statute itself and the intent of Congress. Addison v. Holly Hill Fruit Products, 322 U. S. 607, 64 S.Ct. 1215, 88 L.Ed. 1488 (1944); Opp Cotton Mills v. Adminis-

---

or fourteen workweeks in the aggregate in the case of an employer who does not qualify for the exemption in subsection (d) of this section, any employer may employ any employee for a workweek in excess of that specified in subsection (a) of this section without paying the compensation for overtime employment prescribed in such subsection if such employee (1), is employed by such employer in an industry found by the Secretary to be of a seasonal nature, and * * *."

4. Such delegation of authority by the Secretary is made pursuant to 29 U.S.C. § 204. (Stip. ¶ 28), "It is found that the fresh fruit and vegetable industry, as defined herein, is an industry of a seasonal nature within the meaning of Sec. 7(c) * * * that this industry is engaged in the handling, packing, storing, preparing, first processing, or canning of perishable agricultural commodities in their raw or natural state within the meaning of Sec. 7(d). For purposes of this finding, the fresh fruit and vegetable industry is defined to include only the

handling * * * and any other operations and services necessary and incidental thereto. It includes such operations when performed in connection with fresh fruits and vegetables which have been merely refrigerated, but does not include operations performed in connection with fresh fruits and vegetables which have been frozen * * * or otherwise changed so that they are no longer perishable or in their raw or natural state * * *" Finding of June 30, 1967: See 34 F.R. 18548 amending 29 C.F.R. § 526.12.

5. Administrator's Opinion Letter No. 698, October 20, 1967.

6. The basis for the Administrator's position is found in Senate Report 1487, 2 U.S.Code Cong. & Admin.News, p. 3017 (1966). The effect of this report and the validity of the Administrator's reading of it is discussed in Shultz v. Twin City Foods, Inc., 314 F.Supp. 378 (W.D. Wash.1970).

7. 29 U.S.C. § 203(h).

trator of Wage and Hour etc., 312 U.S. 126, 61 S.Ct. 524, 85 L.Ed. 624 (1941).

A direct interpretation of the Act as constituted prior to the 1966 amendments is found in the case of Mitchell v. Oregon Frozen Foods Co., 145 F.Supp. 157 (D.Ore.1956), aff'd, 254 F.2d 116 (9th Cir. 1958), cert. granted, 359 U.S. 958, 79 S.Ct. 797, 3 L.Ed.2d 765 (1959), cert. dismissed, 361 U.S. 231, 80 S.Ct. 365, 4 L.Ed.2d 267 (1960). In this case the court held deferred packaging of frozen vegetables to be a part of "first processing" within the meaning of the Act, and that such work qualified for the partial overtime exemption provided by the Act even where such packaging took place beyond the end of the processing season. It is plaintiff's position that this interpretation, which is directly contrary to his as reflected by the definition of industry to exclude operations performed after the commodities have ceased to be perishable, has been rendered inappropriate by the 1966 amendments.

This contention was recently considered in the case of Shultz v. Twin City Foods, Inc., 314 F.Supp. 378 (W.D. Wash.1970),[8] where the court, on facts similar to those at bar, after a detailed review of the legislative history surrounding the 1966 amendments, held that the Oregon Frozen Foods interpretation had not been changed by the amendments and thus the Administrator was in error in his finding that the § 7(c) exemption did not apply to packaging of frozen vegetables to the extent that such packaging was accomplished during periods when fresh commodities were being received and processed.[9]

Substantially the same arguments have been raised by plaintiff to deny defendant the exemption under § 7(d).[10] These contentions were also answered in the Twin City Foods case. There the court held that the § 7(d) exemption is conditioned on a finding that the industry is one engaged in seasonal activity. The court felt there was nothing in either the statute or the legislative history to indicate that the determinative factor should be the type of service performed by the employee rather than the nature of the industry.[11] In my view Shultz is a correct interpretation of the law.

The court finds that defendant's processing of previously frozen vegetables at its Fairmont plant, during such periods when the plant is also receiving and processing fresh vegetables, qualifies for the partial overtime exemptions provided by § 7(c) and § 7(d) of the Fair Labor Standards Act. The petition for an injunction is denied.

---

8. This case is currently on appeal to the Ninth Circuit, Docket No. 26425.

9. "The § 7(c) exemption is given if an employee is employed by such employer in an industry found by the Secretary to be of a seasonal nature.

Nothing in the statute or its legislative history justifies the Administrator's reading into § 7(c) the additional requirement of § 7(d) relating to an industry engaged in the handling, packing, storing, first processing, or canning of any perishable agricultural or horticultural commodities in their raw or natural state. Section 7 (c) must stand on its own and once it has been determined that the industry is of a seasonal nature, then the statute simply requires that the employee be employed in that industry." Twin City Foods, supra note 6, 314 F.Supp. at 381.

10. 29 U.S.C. § 207(d). " * * * in the case of an employer who does not qualify for the exemption in subsection (c) of this section, any employer may employ any employee for a workweek in excess of that specified in subsection (a) of this section without paying the compensation for overtime * * * if such employee—

(1) is employed by such employer in an enterprise which is in an industry found by the Secretary * * *

(B) to be of a seasonal nature and engaged * * *."

11. Supra note 6, at 382.