James D. HODGSON, Secretary of Labor, United States Department of Labor, Appellant,

v.

STOKELY–VAN CAMP, INC., a corporation, Appellee.

No. 71–1685.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1972.

Decided Nov. 8, 1972.

Rehearing Denied Dec. 22, 1972.

John H. Secaras, Atty., U. S. Dept. of Labor, Washington, D. C., for appellant.

Herbert C. Snyder, Jr., Indianapolis, Ind., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, MEHAFFY, Circuit Judge, and DENNEY, District Judge.*

DENNEY, District Judge.

In this suit, the Secretary of Labor seeks to enjoin the defendant, Stokely-Van Camp, Inc., from violating the overtime and shipping provisions of the Fair Labor Standards Act, 29 U.S.C.A. §§ 201 et seq.

The suit involves the employees of Stokely at its Fairmont, Minnesota, plant, where fresh vegetables are frozen and packaged. During the harvesting season, when fresh produce is being received, Stokely employs approximately 550 persons in two shifts of 10 hours each. Stokely uses three freezing tunnels and the vegetables, after being washed, blanched and prepared for freezing, pass through the tunnels on conveyor belts which discharge the frozen vegetables into hoppers which supply the packaging lines. Approximately 21% of the vegetables are packed in ready-for-sale packages either immediately or within 24 hours after the freezing process is completed. The remaining 79% are stored in bulk containers called "totes" or in 45 to 60 pound paper bags, to be repackaged into the ready-for-sale packages at a later time.

As exemptions to the rule that no employer may work any of his employees engaged in the production of goods for commerce for more than 40 hours per work week without paying them overtime at the rate of one and one-half times their regular wages, the Fair Labor Standards Act provides, in § 207(c) and (d):

(c) For a period or periods of not more than ten workweeks in the aggregate in any calendar year, or fourteen workweeks in the aggregate in the case of an employer who does not qualify for the exemption in subsection (d) of this section, any employer may employ any employee for a workweek in excess of that specified in subsection (a) of this section without paying the compensation for overtime employment prescribed in such subsection if such employee (1) is employed by such employer in an industry found by the Secretary to be of a seasonal nature, and (2) receives compensation for employment by such employer in excess of ten hours in any workday, or for employment by such employer in excess of fifty hours in any workweek, as the case may be, at a rate not less than one and one-half times the regular rate at which he is employed.

(d) For a period or periods of not more than ten workweeks in the aggregate in any calendar year, or fourteen workweeks in the aggregate in the case of an employer who does not qualify for the exemption in subsection (c) of this section, any employer may employ any employee for a workweek in excess of that specified in subsection (a) of this section without paying the

compensation for overtime employment prescribed in such subsection, if such employee—

(1) is employed by such employer in an enterprise which is in an industry found by the Secretary—

(A) to be characterized by marked annually recurring seasonal peaks of operation at the places of first marketing or first processing of agricultural or horticultural commodities from farms if such industry is engaged in the handling, packing, preparing, storing, first processing, or canning of any perishable agricultural or horticultural commodities in their raw or natural state, or

(B) to be of a seasonal nature and engaged in the handling, packing, storing, preparing, first processing, or canning of any perishable agricultural or horticultural commodities in their raw or natural state, and

(2) receives compensation for employment by such employer in excess of ten hours in any workday, or for employment in excess of forty-eight hours in any workweek, as the case may be, at a rate not less than one and one-half times the regular rate at which he is employed.

It is the applicability of those exemptions to the frozen food employees that is contested. The issue before the district court had been stipulated to and was in substance whether or not Stokely was entitled to claim a partial overtime exemption at the Fairmont plant for those employees who are engaging in repacking vegetables which have been frozen more than 24 hours. The trial court 330 F.Supp. 253, held that Stokely was so entitled.

## AUTHORITY

As set out above, Section (c) allows the Secretary to determine whether an industry is of a "seasonal nature"; if such a finding is made, then the exemption is available. Section (d) allows the Secretary to determine whether an industry is (a) characterized by marked annually recurring seasonal peaks at the places of first marketing and processing; if such industry is engaging in handling, packing, preparing or first processing of any perishable agricultural or horticultural commodities in their raw or natural state or (b) to be of a seasonal nature and engaged in the handling, packing or first processing of any perishable agricultural or horticultural commodities in their raw or natural state. If these findings are made as to Section (d), then the exemption is available.

Herein, the Secretary has defined the seasonal fruit and vegetable industry as only including those employees who pack or repack fruit or vegetables within 24 hours of their receipt at the plant.

In 1958, the Secretary was unsuccessful in Mitchell v. Oregon Frozen Foods Company, 254 F.2d 116 [9th Cir. 1958], on his contention that vegetables frozen in bulk more than 24 hours before being repacked into consumer size packages were not part of first processing. What the Secretary seeks to do herein is to achieve the same result by use of his power in (c) and (d) to define what is an industry of a seasonal nature. Since Mitchell v. Oregon Frozen Foods Company, *supra*, Congress has rejected such a change. Hodgson v. Twin City Foods, Inc., 464 F.2d 246 [9th Cir., 1972]. Such circumvention of Congressional intent will not be allowed. As the Court held in Hodgson v. Twin City Foods, Inc., *supra*, "[A]ny further changes must also be made by Congress, not by the Secretary."

The district court was correct in its decision as to the availability of the limited overtime exemptions to Stokely and we affirm.